# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ST. ANTHONY PHILLIPS, | Case No.  1:24-cv-00598-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| SACRAMENTO DEPARTMENT OF CHILD SUPPORT SERVICES, et al., | |
| Defendants. | (ECF Nos. 1, 6) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

Michael St. Anthony Phillips ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action on May 20, 2024 against four Defendants: (1) the Sacramento Department of Child Support, through "Agent" Stacy Kolb; (2) Lisa Smith; (3) Merced County Department of Child Support Services, through "Agent" Laurie Da Silva; and (4) Rebekah Phillips.  (ECF No. 1.)  On July 18, 2024, a screening order issued finding Plaintiff had failed to state any cognizable claims and granting Plaintiff leave to file a first amended complaint within thirty days.  (ECF No. 6.)  In the July 18, 2024 order, Plaintiff was advised that if he failed to file an amended complaint, it would be recommended that this action be dismissed for the reasons stated in the order.  (Id. at 5.)  More than thirty days have passed, and Plaintiff has not filed an amended complaint or

otherwise responded to the screening order.  For the following reasons, the Court recommends the action be dismissed for failure to state a cognizable claim, failure to prosecute this action, and failure to obey the Court's order to file an amended complaint.

## II.

### SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case at any time if the Court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) ("[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and … afford the petitioner the benefit of any doubt." (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010))).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability… 'stops short of the line between possibility and plausibility of entitlement to relief.' "  Id.

(quoting <u>Twombly</u>, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  <u>Id.</u>  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  <u>Cato</u>, 70 F.3d 1106.

### III.

### COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.  The extent of Plaintiff's unedited factual allegations are as follows:

> Concerning the above mentioned Defendants, in regards to the case no: 200000002647738 (23-FL00612) and Case no, 200000002418988 (19FL-02465) the above defendants have unlawfully contracted with the sub-political agencies whom have utilized My Trust association; in violation of 18 USC 242 and 42 USC 1983 to gains assets; absent a Contract from me. Pursuant to the Fair Debt Collection Practices Act, absent a Contract the alleged debt (child support) has not been properly established as I, the Plaintiff, have not Consented. I therefore herein contest that they are violating USC 15 ss. 1; as the existent contract (s) are Illegal! (emphasis added).

(Compl. at 4 (errors included).)

Plaintiff requests damages in the amount of $1,000,000.00 per person per violation, $10,000,000.00 per agency per violation, attorneys' fees, and any other appropriate relief.  (<u>Id.</u>)

### IV.

### DISCUSSION

**A.    Failure to State a Claim**

1.    <u>Federal Rule of Civil Procedure 8</u>

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the claim being asserted and "the grounds upon which [that claim] rests."  <u>Twombly</u>, 550 U.S. at 555 & n.3 (citation and quotation marks omitted); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  A complaint violates Rule 8 if a

defendant would have difficulty responding to the complaint.  Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).  Courts may dismiss a complaint for failure to comply with Rule 8 even when the complaint is not "wholly without merit." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."  Id.

To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  Cafasso, U.S. ex rel., 637 F.3d at 1178.  Further, "each claim founded on a separate transaction or occurrence ... must be stated in a separate count."  Fed. R. Civ. P. 10(b); see also Hendrix v. Health & Soc. Servs. of Solano Cnty., No. 2:15-cv-02689-MCE-EFB PS, 2017 WL 4004168, at *5 (E.D. Cal. Sept. 12, 2017) (requiring "clear headings to delineate each claim alleged and against which defendant"), report and recommendation adopted, 2017 WL 4340166 (E.D. Cal. Sept. 29, 2017).

The Court finds that Plaintiff's complaint violates Rule 8(a).  Although short, Plaintiff's complaint is not a plain statement of his claims against specific Defendants.  While Plaintiff lists "USC 1692;1694 USC 18 242 USC 18 USC 245 42 USC 1983 USC 15 SS.1 18 USC ss1028A" as the federal statutes at issue in the instant case, he fails to separate each cause of action, state which Defendant he believes is liable for that cause of action or identify concise factual allegations that support both the legal standard for that cause of action and show that the Defendant committed the violation as asserted.  See Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to each of the Defendants and must allege facts that support the elements of the claim plainly and succinctly.

The requirement of a clear and plain statement of Plaintiff's claims is especially important in this case because this Court does not serve as an appellate court of state court decisions.  If Plaintiff wishes to challenge a decision from a state court regarding child support proceedings, he must pursue the appropriate procedures in state court, which may be subject to time limitations and other rules.

/ / /

2.      The Rooker-Feldman Doctrine

Although unclear, Plaintiff's complaint appears to challenge actions occurring in state court through the filing of this action.   (See Compl. at 4 ("in regards to the case no: 200000002647738 (23-FL00612) and Case no, 200000002418988 (19FL-02465)").)   To the extent Plaintiff alleges that these state court proceedings were decided improperly, a party may not seek appellate review in federal court of a decision made by a state court.  See Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923).  The Rooker-Feldman doctrine provides that the losing party in a state court action cannot bring "a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seek[] to vacate or set aside the judgment of that court" as this is a forbidden de facto appeal.  Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003).  The federal court must refuse to hear the de facto appeal and must refuse to decide any issue that is "inextricably intertwined" with the issue resolved by the state court decision.  Id. at 1158; see, e.g., Moore v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); Rucker v. Cnty. of Santa Clara, State of California, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid").

To the extent Plaintiff seeks review for actions which occurred in state court in relation to his child support proceedings, under the Rooker-Feldman doctrine, this Court lacks jurisdiction to review and reverse a state court's decision.  Accordingly, any claim seeking to review or reverse state court orders pertaining to Plaintiff's child support proceedings cannot proceed in this Court.

3.      42 U.S.C. § 1983

Plaintiff references 42 U.S.C. 1983 is at issue, which provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  To state a claim under section 1983, a plaintiff is required to

show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)).  This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.  Plaintiff's complaint fails to state which Defendant, if any, acted under color of state law and deprived Plaintiff of a specific right secured by the Constitution or federal law.

    4.    15 U.S.C. § 1692

The Court construes "USC 1692" to refer in part to the FDCPA, codified at 15 U.S.C. § 1692.  (Compl. at 3.)  Section 1692 is a consumer protection statute which concerns debt collection practices, specifically, "abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  The FDCPA's private-enforcement provision, codified at section 1692k, authorizes any aggrieved person to recover damages from "any debt collector who fails to comply with any provision" of the FDCPA.  15 U.S.C. § 1692k(a).  "To satisfy a claim under the FDCPA, a plaintiff must demonstrate that (1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector under the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA."  Rivas v. Midland Funding, LLC, 398 F. Supp. 3d 1294, 1300 (S.D. Fla. 2019).

In order to establish that one of the Defendants is a debt collector under the FDCPA, Plaintiff must show that that person or entity is one who either (1) "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Here, Plaintiff alleges that the alleged debt is child support.  (Compl. at 4.)  However, "[c]hild support payments 'do not qualify as "debts" under the FDCPA because they were not

incurred to receive consumer goods or services.   Rather, the state agency responsible for collecting child support imposed these obligations upon appellants to force them to fulfill their parental duty to support their children.' "   Davis v. California Dep't of Child Servs., No. 2:20-cv-01393-TLN-AC (PS), 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020), report and recommendation adopted, 2020 WL 5943974 (E.D. Cal. Oct. 7, 2020); see also Okoro v. Garner, 21 F. App'x 486, 488 (7th Cir. 2001)   ("[C]hild support is not an 'obligation… of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.' ") (quoting 15 U.S.C. § 1692a(5))).   Accordingly, to the extent Plaintiff is alleging a claim based solely on his child support obligations, Plaintiff fails to state a claim under the FDCPA.

### 5.    15 U.S.C. § 1

The complaint also cites "USC SS. 1," which the Court construes to refer to Section 1 of the Sherman Act, which prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal."  15 U.S.C. § 1.   "To establish liability under Section 1 of the Sherman Act…, 'a plaintiff must prove (1) the existence of an agreement, and (2) that the agreement was in unreasonable restraint of trade.'"   GreenCycle Paint, Inc. v. PaintCare, Inc., 250 F. Supp. 3d 438, 447 (N.D. Cal. 2017) (quoting Aerotec Int'l, Inc. v. Honeywell Int'l, Inc., 836 F.3d 1171, 1178 (9th Cir. 2016)).   The complaint does not allege any agreement by any Defendant that was in unreasonable restraint of trade. Thus, Plaintiff fails to state a cognizable claim under the Sherman Act.

### 6.    Title 18 of the United States Code

The Court construes Plaintiff's reference to "242 USC 18 USC 245" and "18 USC ss1028A" to refer to 18 U.S.C. §§ 242, 245, and 1028A.  To the extent Plaintiff intends to bring claims under these statutes, such claims are not cognizable as these are criminal statutes which confer no private right of action.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 242 provides no basis for civil liability); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions under Title 18 of the U.S. Code "provide no basis

for civil liability") (citations omitted).  The instant case is not one of a federal prosecution and "in American jurisprudence... a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973).  Accordingly, Plaintiff fails to state a claim under 18 U.S.C. §§ 242, 245 and 1028A.

### B.    Plaintiff's Failure to Prosecute and Comply with a Court Order

Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with a Court order and failure to prosecute.  Plaintiff has failed to comply with the July 18, 2024 order granting him leave to file an amended complaint.  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action.  <u>Lira v. Herrera</u>, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006); <u>Thompson v. Hous. Auth. of City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986).  These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action.  <u>In re Phenylpropanolamine</u>, 460 F.3d at 1226.

In this instance, the public's interest in expeditious resolution of the litigation and the

Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of July 18, 2024.  Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint.  Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's July 18, 2024 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 6 at 9.)  Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim.  Accordingly, Plaintiff's noncompliance warrants dismissal.

/ / /

/ / /

/ / /

9

**V.**

**CONCLUSION AND ORDER**

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to state a claim, failure to prosecute, and failure to comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 22, 2024**                         _____
                                                                      UNITED STATES MAGISTRATE JUDGE

10